Mitchell F. Ducey, Esq. (SBN 154071)
Robert J. Borowski, Esq. (SBN 305334)
MASSERMAN & DUCEY
15260 Ventura Boulevard, Suite 1000
Sherman Oaks, California 91403
(818) 646-5000 Telephone
(818) 646-5001 Facsimile
Email: mducey@md-llp.com
Email: borowski@md-llp.com

Attorneys for Plaintiff,
KANGAROO MANUFACTURING, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| KANGAROO MANUFACTURING, INC., a Florida corporation,<br><br>                    Plaintiff,<br><br>-vs.-<br><br>BIGMOUTH LLC a.k.a. BIGMOUTH, INC., a Connecticut Limited Liability Company; and DOES 1 through 25, inclusive,<br><br>                    Defendants. | Case No.: 2:17-cv-04165<br>*Complaint filed June 5, 2017*<br><br>**COMPLAINT FOR MISREPRESENTATION OF COPYRIGHT INFRINGEMENT PURSUANT TO 17 U.S.C. § 512(f)(1), INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE, UNFAIR COMPETITION, AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, KANGAROO MANUFACTURING, INC. ("Kangaroo"), for its complaint against BigMouth LLC dba BigMouth, Inc., and Does 1 through 25, inclusive, alleges as follows:

### JURISDICTION

1.     This action arises under the Digital Millennium Copyright Act, 17 U.S.C. § 512, and under the statutory and common law of unfair competition. This

-1-

COMPLAINT FOR MISREPRESENTATION OF COPYRIGHT INFRINGEMENT,
INTENTIONAL INTERFERECNE WITH PROSPECTIVE ECONOMIC ADVANTAGE,
UNFAIR COMPETITION, AND INJUNCTIVE RELIEF

300.3077

Masserman & Ducey, LLP

Court has jurisdiction under 28 U.S.C. §§ 1331, 1332, 1338(a) and (b), and 1367. This action arises under the laws of the United States.

2.     Venue is proper under 28 U.S.C. §§ 1391(b) and (c) in this case because both Kangaroo and, on information and belief, defendants, conduct online business in this District and, on information and belief, defendants are subject to personal jurisdiction in this District, and/or a substantial part of the events or omissions giving rise to property that is the subject of the action is situated in this District.

## PARTIES

3.     Kangaroo is a Florida corporation with its principal place of business in Tempe, Arizona.

4.     Upon information and belief, BigMouth, LLC a.k.a. BigMouth, Inc. ("BigMouth") is a Connecticut limited liability company with its principal place of business in Glastonbury, Connecticut, which regularly conducts business online on Amazon.com and eBay in this District.

5.     The true names and capacities of the defendants designated herein as DOES 1 through 10, inclusive, whether individual, corporate, partnerships, or otherwise, are unknown to Kangaroo and therefore Kangaroo sues these defendants by such fictitious names. When the true names and capacities or participation of the DOE defendants are ascertained, Kangaroo will amend this complaint to assert their true names, identities and capacities. Kangaroo is informed and believes and based thereon alleges that each of the DOE defendants sued herein is responsible for the wrongful acts alleged herein, and is therefore liable to Kangaroo in some manner for the events and happenings alleged in this complaint. Kangaroo is informed and believes and based thereon alleges that at all times herein mentioned, the DOE defendants were and are doing business and/or residing in this District.

Masserman & Ducey, LLP

-2-

300.3077

## FACTUAL BACKGROUND

6.      Kangaroo is a manufacturer, distributor, wholesaler and creator of value-priced toys, pool floats and inflatable products, party supplies and novelties that are sold in retail outlets and on-line.   Kangaroo's business is primarily conducted through the distribution of catalogs, an external sales force and through its internet website.   Kangaroo's products are widely disseminated on the open market.

7.      Kangaroo's goods, by reason of their high quality, have come to be known to the purchasing public as conforming to certain high quality control standards.   As a result, the Kangaroo goods, associated trademarks and the goodwill associated with them are of tremendous value to Kangaroo and its authorized licensees, sellers and business partners.

8.      The pool floats which are manufactured and distributed by Kangaroo on the Amazon.com and eBay storefronts include the following products:

A.      The Kangaroo 61" Pineapple Pool Float, Amazon Standard Identification Number ("ASIN"):   B01LWZNTIQ (the "Kangaroo Pineapple Float").  The Kangaroo Pineapple Float in its original packaging is depicted in the photograph attached hereto as **Exhibit A**, side-by-side with a different pineapple float sold by BigMouth.

B.      The Kangaroo 72" Pizza Pool Float, ASIN: B01EXHHLNY (the "Kangaroo Pizza Float").  The Kangaroo Pizza Float in its original packaging is depicted in the photograph attached hereto as **Exhibit B**, side-by-side with a different pizza float sold by BigMouth.

(The Kangaroo Pineapple Float and the Kangaroo Pizza Float are collectively referred to herein as the "Kangaroo Pool Floats.")

Masserman & Ducey, LLP

9.     BigMouth's pool floats, which upon information and belief are manufactured and distributed by BigMouth on the Amazon.com and eBay storefronts, include the following products:

A.     <u>BigMouth Inc. Giant Pineapple Pool Float</u>, ASIN: B01AY9Q8M0 (the "BigMouth Pineapple Float"). The BigMouth Pineapple Float in its original packaging is depicted in the photograph attached hereto as **Exhibit A**, side-by-side with the Kangaroo Pineapple Float.

B.     <u>BigMouth Inc. Gigantic Pizza Slice Pool Float</u>, ASIN: B01LZTPEU7 (the "BigMouth Pizza Float"). The BigMouth Pizza Float in its original packaging is depicted in the photograph attached hereto as **Exhibit B**, side-by-side with the Kangaroo Pizza Float.

(The BigMouth Pineapple Float and the BigMouth Pizza Float are collectively referred to herein as the "BigMouth Pool Floats.")

10.    A comparison of the Kangaroo Pineapple Float and the BigMouth Pineapple Float evidences that Kangaroo did not copy BigMouth's pool float design. The respective floats are different colors, they are different shapes, the design of the leaves at the top is completely different and the design of the body of the pineapple is completely different.  The only similarity between the two products is in the idea of a pineapple-shaped pool float, which is not protectable under copyright law.  A comparison of images of the Kangaroo Pineapple Float and the BigMouth Pineapple Float is depicted in the photograph attached hereto as **Exhibit C**.

11.    A comparison of the Kangaroo Pizza Float and the BigMouth Pizza Float evidences that Kangaroo did not copy BigMouth's pool float design.  The respective floats are different colors, they are different sizes, the toppings depicted on the floats are different, with BigMouth's float reflecting faux pepperonis only,

Masserman & Ducey, LLP

-4-

1   making the design of the pizza slice completely different.   The only similarity
2   between the two products is in the idea of a pizza slice-shaped pool float, which is
3   not protectable under copyright law.   A comparison of the Kangaroo Pizza Float
4   and the BigMouth Pizza Float is depicted in the Amazon Product Detail Pages
5   depicted in the photographs attached hereto collectively as **Exhibit D**.

6        12.   Despite the clearly different designs and features of the pool floats, in
7   or about May 2017, and right before the height of the Summer season for selling
8   pool floats, BigMouth falsely reported to Amazon.com a copyright violation with
9   respect to the Kangaroo Pineapple Float which, pursuant to the Digital Millennium
10  Copyright Act ("DMCA"), led Amazon to automatically take down the Kangaroo
11  Pineapple Float from its sales platform.   In addition and at or about the same time,
12  BigMouth falsely reported to eBay a copyright violation with respect to the
13  Kangaroo Pizza Float being offered for sale by one of Kangaroo's authorized
14  sellers which, pursuant to the DMCA, led eBay to automatically take down the
15  Kangaroo Pizza Float from its sales platform.

16       13.   Immediately prior to the filing of this action, BigMouth made another
17  false report of a copyright violation to eBay concerning a Kangaroo float, and
18  Kangaroo is in the early stages of investigating this new take-down notice initiated
19  by BigMouth.

20       14.   As a result of the foregoing conduct, BigMouth has interfered with
21  Kangaroo's sales of its widely recognized and popular pool floats at the height of
22  the season such pool floats are at their most popular, and has interfered with
23  Kangaroo's relationships with Amazon, eBay and its authorized sellers, causing
24  damages to Kangaroo in excess of the jurisdictional minimum of this Court.

25  ///

26  ///

27                                          - 5 -

28  **COMPLAINT FOR MISREPRESENTATION OF COPYRIGHT INFRINGEMENT,
    INTENTIONAL INTERFERECNE WITH PROSPECTIVE ECONOMIC ADVANTAGE,
    UNFAIR COMPETITION, AND INJUNCTIVE RELIEF**

Masserman & Ducey, LLP

**FIRST CLAIM FOR RELIEF**

**(MISREPRESENTATION OF COPYRIGHT INFRINGEMENT**

**PURSUANT TO 17 U.S.C. § 512(f)(1))**

15.    Kangaroo repeats and realleges each and every allegation of paragraphs 1 through 15, above, as though fully set forth herein.

16.    The Take-Down Notices sent by BigMouth to Amazon and eBay, respectively, represented that the Kangaroo Pool Floats infringed the BigMouth Pool Floats.

17.    On information and belief, BigMouth knew at the time it sent the Take-Down Notices to Amazon and eBay that the representations in the Take-Down Notices that the Kangaroo Pool Floats infringed any of the BigMouth Pool Floats were false.

18.    Such representations were material to Amazon.com's and eBay's respective decisions whether or not to disable the item detail pages on Amazon and eBay on which Kangaroo's authorized resellers were offering the Kangaroo Pool Floats.

19.    The representations made by BigMouth in the Take-Down Notices that the Kangaroo Pool Floats infringed copyrights asserted by BigMouth are material false statements of fact that were and are knowingly made by BigMouth in an effort to inhibit sales of the Kangaroo Pool Floats by Kangaroo, BigMouth's competitor, and not to protect any of the asserted copyrights from infringement thereof.

20.    The Kangaroo Pool Floats do not infringe any copyrights being asserted by BigMouth.

21.    Despite this non-infringement, Amazon.com and eBay relied and continue to rely on the Take-Down Notices submitted by BigMouth and have acted

-6-

expeditiously to disable the item detail pages on Amazon and eBay for the Kangaroo Pool Floats identified in the Take-Down Notices.

22.   BigMouth has committed multiple violations of 17 U.S.C. § 512(f) by knowingly and materially misrepresenting that the Kangaroo Pool Floats infringe any of the asserted copyrights.

23.   Amazon.com's and eBay's disabling of the item detail pages on the Amazon and eBay sales platforms for the Kangaroo Pool Floats identified in the Take-Down Notices directly and proximately caused Kangaroo to suffer monetary damages in the form of lost sales in an amount to be proven at trial.

24.   Amazon.com's and eBay's disabling of the item detail pages on the Amazon and eBay sales platforms for the Kangaroo Pool Floats identified in the Take-Down Notices directly and proximately caused Kangaroo non-monetary lost goodwill with Amazon.com, with eBay, and with its authorized resellers of the Kangaroo Pool Floats.

25.   But for BigMouth's knowing, intentional, and material misrepresentations in the Take-Down Notices, Kangaroo would not have suffered monetary damages or lost goodwill.

## SECOND CLAIM FOR RELIEF

## (INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE)

26.   Kangaroo repeats and realleges each and every allegation of paragraphs 1 through 25, above, as though fully set forth herein.

27.   Prior to the initiation of this lawsuit, Kangaroo began to manufacture and distribute the Kangaroo Pool Floats on the Amazon.com and eBay storefronts for sale to third party customers, which, along with Kangaroo's relationships with its authorized resellers, constitutes an economic relationship(s) that would have

- 7 -

Masserman & Ducey, LLP

resulted in a benefit to Kangaroo.  Specifically, Kangaroo has profited from sales of the Kangaroo Pool Floats on the Amazon.com and eBay storefronts at all pertinent times alleged herein, and Kangaroo had a reasonable expectation that third party customers would have continued to purchase the Kangaroo Pool Floats especially as items of this nature become increasingly popular items for sale during the summer months.

28.    BigMouth knew of the foregoing relationship between Kangaroo,on the one hand, and its third party customers, Amazon.com, eBay, and Kangaroo's resellers, and engaged in conduct, specifically the submission of Take-Down Notices to Amazon and eBay, in connection with the Kangaroo Pool Floats, when neither of the parties' pool floats contained any copyrightable material, that BigMouth knew would be harmful to and disrupt the economic relationship between Kangaroo, its third party customers, Amazon, eBay and its authorized resellers.

29.    Through its Take-Down Notices, BigMouth intended and intends to disrupt the economic relationship between Kangaroo and its third party customers, Amazon, eBay and its authorized resellers, and/or knew that the disruption of these economic relationships was certain or substantially certain to occur, because it knew that Amazon.com and eBay would remove the item detail pages for the Kangaroo Pool Floats from their catalogs upon receipt of the Take-Down Notices from BigMouth.

30.    Kangaroo's economic relationships with the foregoing enumerated parties was disrupted as Amazon.com and eBay did remove the item detail pages for the Kangaroo Pool Floats from their storefronts, such that Kangaroo and its authorized resellers have suffered significant harm in lost sales, reputational

**COMPLAINT FOR MISREPRESENTATION OF COPYRIGHT INFRINGEMENT, INTENTIONAL INTERFERECNE WITH PROSPECTIVE ECONOMIC ADVANTAGE, UNFAIR COMPETITION, AND INJUNCTIVE RELIEF**

300.3077

damage and lost goodwill as a result of the improper Take-Down Notices by BigMouth.

31.   Defendant's intentional conduct in disrupting the known economic relationships between Kangaroo and its third party customers, Amazon.com, eBay and its authorized resellers was a substantial factor in causing Kangaroo's harm and economic loss.

32.   As a result of BigMouth's foregoing conduct, Kangaroo has sustained damages in an amount according to proof at trial, including but not limited to a substantial loss in sales at a time when floats are in high demand and damage to its trademarks, brand, business reputation and goodwill, such that Kangaroo must now take steps to restore the disrupted economic relationships cast by BigMouth's conduct alleged herein.

33.   As a further result of BigMouth's interference with Kangaroo's prospective economic relations, as set forth above, Kangaroo is informed and believes and thereon alleges that at all relevant times herein mentioned BigMouth acted with full knowledge of the consequences and damages being caused to Kangaroo, and BigMouth's conduct alleged herein constitutes oppression, fraud or malice, and/or a reckless disregard of its possible results, under California Civil Code section 3294, such that an award of exemplary damages is appropriate, in an amount according to proof at trial.

**THIRD CLAIM FOR RELIEF**

**(STATUTORY AND COMMON LAW UNFAIR COMPETITION)**

34.   Kangaroo repeats and realleges each and every allegation of paragraphs 1 through 33, above, as though fully set forth herein.

35.   By reason of the foregoing conduct, BigMouth and Does 1 through 25, and each of them, have been, and are, engaged in "unlawful, unfair or

- 9 -

Masserman & Ducey, LLP

300.3077

fraudulent business practices" in violation of Sections 17200 *et seq.* of the California Business & Professions Code and acts of unfair completion in violation of the common law.

36. Defendants' acts complained of herein have damaged and will continue to damage Kangaroo irreparably. Kangaroo has no adequate remedy at law for such wrongs and injuries. The damage to Kangaroo includes harm to its brand, trademarks, goodwill and reputation that money cannot compensate. Therefore Kangaroo is entitled to: (a) injunctive relief restraining and enjoining defendants, and each of them, and their officers, members, agents, servants and employees, and all persons acting thereunder, in concert with, or on their behalf, from issuing further false Take-Down Notices associated with the Kangaroo Pool Floats, which have not infringed and are not infringing the asserted copyrights of BigMouth; (b) Kangaroo's actual damages in the form of restitution sustained as a result of BigMouth's wrongful acts; (c) an accounting of BigMouth's profits earned from their unauthorized Take-Down Notices for the Kangaroo Pineapple Float and the Kangaroo Pizza Float, and all other Kangaroo floats affected by the improper and unlawful Take-Down Notices of BigMouth; and (d) the award of BigMouth's unjust profits, as well as sums sufficient to compensate Kangaroo for all harm suffered as a result of the conduct alleged herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Kangaroo Manufacturing, Inc. prays that this Court enter judgment against defendants as follows:

1. Finding that defendants have violated 17 U.S.C. § 512(f); have interfered with Kangaroo's prospective economic advantage in its relationships with its third party customers, Amazon.com, eBay, and its authorized resellers; and

-10-

Masserman & Ducey, LLP

have violated California Business & Professions Code §§ 17200 *et seq.* and the common law by engaging in unlawful, unfair and fraudulent business practices;

2. Ordering that BigMouth, and Does 1 through 25, and each of them, and their officers, members, agents, servants, directors, employees, partners, representatives, assigns, successors, related companies, and attorneys and all persons in active concert or participation with defendants or with any of the foregoing be enjoined preliminarily during the pendency of this action and permanently thereafter from:

    a. Issuing false Take-Down Notices to Amazon.com, eBay, and any and all other internet service providers and/or storefronts with respect to the Kangaroo Pool Floats, and any and all other products of Kangaroo;

    b. Falsely implying that the Kangaroo Pool Floats infringe any asserted copyrights of BigMouth;

    c. Engaging in any act which is likely to dilute the distinctive quality of Kangaroo's brand and goodwill and/or injuries Kangaroo's reputation; and

    d. Knowingly assisting, inducing, aiding or abetting any other person or business entity engaging in or performing any of the activities referred to in paragraphs 2(a) through 2(c) above.

3. Ordering that BigMouth, and Does 1 through 25, and each of them, immediately withdraw any and all pending Take-Down Notices previously submitted to Amazon.com, eBay or any other internet provider or storefront;

4. Granting an award of damages suffered by Kangaroo according to proof at the time of trial;

-11-

**COMPLAINT FOR MISREPRESENTATION OF COPYRIGHT INFRINGEMENT, INTENTIONAL INTERFERECNE WITH PROSPECTIVE ECONOMIC ADVANTAGE, UNFAIR COMPETITION, AND INJUNCTIVE RELIEF**

Masserman & Ducey, LLP

300.3077

5.      Ordering that BigMouth account to Kangaroo for any and all profits earned as a result of BigMouth's acts in violation of Kangaroo's rights under California Business & Professions Code §§ 17200 *et seq.*, and the common law;

6.      Granting an award of punitive damages for BigMouth's conduct constituting intentional interference with prospective economic advantage pursuant to California Civil Code § 3294;

7.      For prejudgment interest on any recovery by Kangaroo;

8.      Granting an award of Kangaroo's costs, expenses and attorneys' fees; and

9.      Granting such other relief as is just and proper.

Dated:  *June 5, 2017*                     MASSERMAN & DUCEY, LLP


                                       By:    _____
                                              MITCHELL F. DUCEY, ESQ.
                                              ROBERT J. BOROWSKI, ESQ.
                                              Attorney for Plaintiff,
                                              KANGAROO MANUFACTURING, INC.

Masserman & Ducey, LLP

-12-

**COMPLAINT FOR MISREPRESENTATION OF COPYRIGHT INFRINGEMENT, INTENTIONAL INTERFERECNE WITH PROSPECTIVE ECONOMIC ADVANTAGE, UNFAIR COMPETITION, AND INJUNCTIVE RELIEF**

300.3077

## JURY DEMAND

Plaintiff Kangaroo Manufacturing, Inc. demands a trial by jury of all issues triable by jury.

Dated: **June 5, 2017**                    MASSERMAN & DUCEY, LLP

                          By: _____
                                MITCHELL F. DUCEY, ESQ.
                                ROBERT J. BOROWSKI, ESQ.
                                Attorney for Plaintiff,
                                KANGAROO MANUFACTURING, INC.

-13-

**COMPLAINT FOR MISREPRESENTATION OF COPYRIGHT INFRINGEMENT, INTENTIONAL INTERFERECNE WITH PROSPECTIVE ECONOMIC ADVANTAGE, UNFAIR COMPETITION, AND INJUNCTIVE RELIEF**

300.3077